# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JASON SCHANKMAN, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 4:08CV660 CDP |

## MEMORANDUM AND ORDER

This matter is before the Court on respondent's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Respondent moves for dismissal on the basis that movant's § 2255 motion is barred by the statute of limitations. Movant acknowledges that the period of limitations has run but argues that the statute of limitations should be tolled because he was mentally incapacitated during the limitations period. Upon review of the case file, the Court finds that the facts pertinent to movant's equitable tolling argument are not sufficiently developed. As a result, the Court will deny the motion to dismiss.

### Background

On July 7, 2005, movant was indicted on four counts relating to the production and receipt of child pornography. See United States v. Schankman, 4:05CR373 CDP (E.D. Mo.). On January 13, 2006, movant pled guilty to two counts of receipt of child pornography, one count of attempted production of child pornography, and one count

of production of child pornography. On April 7, 2006, the Court sentenced movant to a 188 month term of imprisonment, to be followed by 15 years of supervised release. Movant is currently incarcerated at FCI Butner. Movant filed his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on May 7, 2008.

Movant suffers from bipolar disorder. Movant alleges that during the time the criminal action was being prosecuted he was placed on several different combinations of prescription drugs. Movant claims that his medications were constantly changed because his mental health status was unstable and that his psychiatrists were attempting to find the correct combination of drugs to stabilize him. Movant says that during his time at FCI Butner his medications have been changed in an effort to manage his symptoms. Movant alleges that the various combinations of medications that he has been taking have altered his mental status negatively. Movant claims that, as a result of taking the various medications, he has been unable to understand the limitations period for filing his § 2255 motion.

**Standard**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under

Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

**Discussion**

Respondent argues that the case should be dismissed because (1) movant's allegation that he was mentally incapacitated during the criminal prosecution is incredible and is refuted by the record; and (2) movant's allegation that he was mentally incapacitated while incarcerated at FCI Butner is unsupported by any evidence.

Respondent's argument relies on the proposition that movant must introduce some admissible evidence in support of his proposition that he was mentally incapacitated during the limitations period. In respondent's view, movant's unsupported allegations in his § 2255 motion are insufficient to defeat a motion to dismiss. In support of its argument, respondent cites to Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), which states:

> A § 2255 motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner

> to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." To avoid dismissal, "the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."

Id. (quoting Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir.1995)).

Respondent's reliance on Sanders, however, is misplaced. The issue in Sanders was whether the movant's motion could be dismissed without an evidentiary hearing after receiving full briefing on the merits. Additionally, there do not appear to have been any allegations in Sanders that the movant was entitled to equitable tolling of the limitations period due to mental incapacitation. In this case, there has been no merits briefing, and the issue of equitable tolling will hinge on a fact-specific finding regarding movant's mental capacity during the limitations period. As a result, the rule as stated in Sanders does not control the issues presently before the Court.

Significant mental impairment can be an extraordinary circumstance justifying equitable tolling of the AEDPA's statute of limitations. See Nichols v. Dormire, 11 Fed. Appx. 633, 634 (8th Cir. 2001) (unpublished). The issue is, however, fact specific. See id. In a recent employment case, the United States Court of Appeals for the Eighth Circuit stated that "the standard for tolling due to mental illness is a high one." Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008). The court further explained that "'a plaintiff seeking equitable tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him or her from

understanding and managing his affairs generally and from complying with the deadline that he seeks to toll.'" Id. (quoting Jessie v. Potter, 516 F.3d 709, 715 (8th Cir. 2008)).

Movant has pled sufficient facts in his § 2255 motion to overcome respondent's motion to dismiss. However, for movant to ultimately obtain equitable tolling of § 2255's statute of limitations, he will need to produce sufficient evidence as stated by the court in Lyons. The Court will issue a Case Management Order contemporaneously with this Memorandum and Order, which will provide for appropriate briefing in this case.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to dismiss [#3] is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion for leave to file surreply [#7] is **DENIED** as moot.

Dated this 23rd day of October, 2008.

                                    _____
                                    CATHERINE D. PERRY
                                    UNITED STATES DISTRICT JUDGE